**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DARRIN JACKSON, M.D.**                          **CIVIL ACTION**

**VERSUS**                                        **CASE NO. 23-2995**

**EMERGENCY STAFFING SOLUTIONS, INC.**            **SECTION: "G"(4)**

## ORDER AND REASONS

Before the Court are Defendant Emergency Staffing Solutions, Inc.'s ("Defendant") Motion to Transfer Venue[1] and Rule 12(b)(6) Motion.[2] In the Motion to Transfer Venue, Defendant requests that this Court transfer this action to the United States District Court for the Eastern District of Texas, in accord with the forum selection clause agreed to by the parties.[3] In the Rule 12(b)(6) Motion, Defendant contends that Plaintiff's Complaint is vague as to his breach of contract claims. Plaintiff is proceeding pro se, and he did not file a response to either motion.[4] Having considered the motions, the memoranda in support, the record, and the applicable law, the Court denies Defendant's motions and grants Plaintiff leave to file an Amended Complaint.

## I. Background

On August 1, 2023, Plaintiff Darrin Jackson, M.D. ("Plaintiff") filed a Complaint in this Court against Defendant based on diversity jurisdiction.[5] According to Plaintiff, he is a citizen of

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 6.

[3] Rec. Doc. 7 at 1.

[4] Defendant filed both motions on October 18, 2023, and both motions were set for submission on November 29, 2023. Pursuant to Local Rule 7.5, any opposition to the motion was due on November 21, 2023.

[5] Rec. Doc. 1.

1

Louisiana, Defendant is incorporated in Texas, and the amount in controversy exceeds $75,000.[6]

Plaintiff alleges that venue is proper in this Court because the parties executed the Physician's

Agreement in this judicial district, as Plaintiff digitally signed the Physician's Agreement in

LaPlace, Louisiana.[7]

Plaintiff alleges that on or about September 2, 2022, Defendant offered him a Physician's

Agreement to be an emergency room physician at Trinity Memorial Medical Center in Ferriday,

Louisiana, and Plaintiff accepted and signed this Physician's Agreement.[8] According to Plaintiff,

Defendant is "a physician staffing and medical management organization that supplies physicians

to client hospitals … for their emergency rooms."[9]

First, Plaintiff brings a breach of contract claim.[10] Plaintiff alleges that the Physician's

Agreement was to continue until September 2, 2023, but that on April 5, 2023, Defendant, without

just cause, ordered Plaintiff not to appear for his April 6, 2023 shift at Trinity Memorial Medical

Center.[11] Plaintiff alleges that Defendant breached the Physician's Agreement because Defendant

did not provide the 30 day notice to terminate the Physician's Agreement.[12] Plaintiff alleges he

lost $42,000 to $43,000 a month in earnings and seeks damages of $215,000 for lost wages from

---

[6] *Id.* at 1.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 1–2.

[11] *Id.* at 2.

[12] *Id.*

April to September.[13] Second, Plaintiff brings an "unlawful deduction" claim against Defendant that is related to the breach of contract claim.[14] Plaintiff alleges that Defendant deducted $14,206.85 from Plaintiff's March 2023 pay "that he would have earned for April 6, 2023." Plaintiff alleges the $14,206.85 "was a deduction from money he had already earned and [Defendant] had no justification for deducting it."[15]

On October 18, 2023, Defendant filed the instant Motion to Transfer Venue and Rule 12(b)(6) Motion.[16] On January 22, 2024, the Court ordered the parties to submit additional briefs on the issue of whether Louisiana Revised Statute Section 23:921(A)(2) affects the enforceability of the forum selection clause in the Physician's Agreement within 60 days of the Order.[17] The Court also ordered Plaintiff to hire new counsel within 30 days of the Order if he intended to do so, as his former counsel, Charles Stevenson had withdrawn as counsel on October 4, 2023.[18] On March 12, 2024, Defendant filed a Supplemental Memorandum on the issue of whether Louisiana Revised Statute Section 23:921(A)(2) affects the enforceability of the forum selection clause in the Physician's Agreement.[19] Plaintiff did not hire a new attorney or file a response to either motion.

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] Rec. Docs. 6, 7.

[17] Rec. Docs. 9.

[18] Rec. Docs. 9, 5.

[19] Rec. Doc. 11.

## II. Defendant's Arguments

*A.*    ***Defendant's Arguments in Support of the Motion to Transfer Venue***

Defendant contends that pursuant to a forum selection clause in the Physician's Agreement designating Collin County, Texas as the forum for any disputes arising out of the Physician's Agreement, this action should be transferred under 28 U.S.C. § 1404 to the Eastern District of Texas where Collin County, Texas is located.[20]

Defendant contends that the "a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." First, Defendant argues that "[P]laintiff's choice of forum merits no weight …"[21] Second, Defendant avers that "the court should not consider the parties' private interests aside from those embodied in the forum-selection clause; it may consider only public interests."[22] Third, Defendant contends that "when a party bound by a forum-selection clause flouts its contractual obligations and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules."[23]

In its Supplemental Memorandum, Defendant argues that Louisiana Revised Statute Section 23:921(A)(2) does not apply to the Physician's Agreement because the Physician's Agreement is an "Independent Contractor Agreement" and Section 23:921(A)(2) only voids forum selection clauses in contracts between employers and employees.[24] Defendant also notes that the party seeking to set aside a forum selection clause has the burden of proving that

---

[20] Rec. Doc. 7-1 at 1–2.

[21] *Id.* at 2.

[22] *Id.*

[23] *Id* (citing *Van Dusen, v. Barrack*, 376 U.S. 612, 639 (1964)).

[24] Rec. Doc. 11 at 1–2.

enforcement would be unreasonable and unjust, or that the forum-selection clause arises from fraud or overreaching, or that the clause contravenes a strong public policy of the forum where the suit is brought.[25]

**B.      *Defendant's Arguments in Support of the Rule 12(b)(6) Motion***

Defendant contends that the Complaint "fails to identify (1) a specific breach of the Physician['s] Agreement; (2) a specific provision of the Physician['s] Agreement that [Defendant] allegedly breached; (3) how [Defendant] allegedly breached any provision of the Physician['s] Agreement; and/or (4) why he is entitled to recover any alleged damages as a result of an alleged breach of any provision(s) of the subject Physician['s] Agreement."[26]

With respect to Plaintiff's first cause of action, Defendant contends that the Physician's Agreement provides that Plaintiff will only be compensated for the hours he actually worked, but Plaintiff did not work any hours after April 5, 2023.[27] According to Defendant, "Plaintiff is essentially seeking to recover compensation for not working."[28] Defendant also contends that the Physician's Agreement does not provide that Defendant must schedule Plaintiff a certain number of hours per month.[29]

With respect to Plaintiff's second cause of action, Defendant argues that the Physician's Agreement "allows for [Defendant] to offset and deduct the costs and expenses incurred to ensure

---

[25] *Id.* at 3.

[26] Rec. Doc. 6-1 at 1.

[27] *Id.* at 1–2.

[28] *Id.* at 2.

[29] *Id.*

coverage of plaintiff's shifts that he did not work."[30] Defendant asserts that the Complaint "fails to identify a legal basis for plaintiff to recover the costs and expenses that [Defendant] incurred to ensure coverage of plaintiff's shifts that he did not work."[31]

### III. Legal Standards

*A.     Transfer of Venue Under 28 U.S.C. § 1404(a)*

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[32] Section 1404(a) is "a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."[33]

Usually, a court applying the doctrine of *forum non conveniens* must determine whether there is an adequate alternative forum and, if so, determine which forum is best-suited to the litigation by considering "a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum."[34] "The private-interest factors include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be

---

[30] *Id.*

[31] *Id.*

[32] 28 U.S.C. § 1404(a).

[33] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013) (internal citations omitted).

[34] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016) (citing *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794–95 (5th Cir. 2007)).

appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'"[35] "The public-interest factors include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'"[36] The Supreme Court has held that a state's public policy voiding forum selection clauses, rather than ending the transfer analysis outright, must be considered alongside other Section 1404(a) public interest factors.[37] A plaintiff's choice of forum is typically given some significant, but not determinative, weight.[38]

However, the existence of a mandatory, valid forum selection clause simplifies the analysis in two ways: (1) the "'the plaintiff's choice of forum merits no weight' because, by contracting for a specific forum, 'the plaintiff has effectively exercised its 'venue privilege' before a dispute arises;'"[39] and (2) the "private-interest factors 'weigh entirely in favor of the preselected forum,' so that the 'district court may consider arguments about public-interest factors only.'"[40] Thus, "a valid forum-selection clause controls the *forum non conveniens* inquiry '[i]n all but the most unusual cases.'"[41] The Fifth Circuit has held that this "harmonizes" with the Supreme Court's "guidance that contractually selected forums often 'figure[] centrally in the

---

[35] *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766–67 (5th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

[36] *Id.* at 767 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6).

[37] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30–31 (1988).

[38] *Id.* (citing *Atl. Marine*, 571 U.S. at 62 n.6).

[39] *Barnett*, 831 F.3d at 300 (quoting *Atl. Marine*, 571 U.S. at 63).

[40] *Id.* (quoting *Atl. Marine*, 571 U.S. at 63).

[41] *Id.* (quoting *Atl. Marine*, 571 U.S. at 63).

parties' negotiations' and become part of those parties' 'settled expectations'—so if a plaintiff disregards such a contractual commitment, 'dismissal . . . work[s] no injustice.'"[42]

In analyzing a forum selection clause, a court must first determine whether the forum selection clause is mandatory or permissive.[43] Once a court makes this determination, it must decide whether the forum selection clause at issue applies to this specific case, which involves two separate inquiries: (1) whether the forum selection clause is valid and enforceable and (2) whether the present case falls within the scope of the forum selection clause.[44]

## B.    *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[45] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[46] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[47] "Factual allegations must be enough to raise a right to relief above the speculative level."[48] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct

---

[42] *Id.*

[43] *Weber*, 811 F.3d at 770–71 (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384–86 (2d Cir. 2007)).

[44] *Id.* at 770.

[45] Fed. R. Civ. P. 12(b)(6).

[46] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[47] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[48] *Twombly*, 550 U.S. at 555.

alleged."[49]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[50] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[51] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[52] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[53] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[54] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[55] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[56] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[57]

---

[49] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[50] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[51] *Iqbal*, 556 U.S. at 678–79.

[52] *Id.* at 679.

[53] *Id.* at 678.

[54] *Id.*

[55] *Id.*

[56] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[57] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

### A.     *Whether the Case Should be Transferred*

### 1.     What Substantive Law to Apply

The Court must first determine what substantive law to apply to each element of the forum selection clause analysis. The forum selection clause in the Physician's Agreement states:

> **Governing Law and Venue.** This agreement is to be governed by and construed in accordance with the laws of the State of Texas. Any dispute arising out [of] this Agreement shall be brought exclusively in the state and federal courts located in Collin County, Texas and the parties hereby waive any objection to the exercise of jurisdiction by such courts.[58]

In diversity cases such as this one, federal law applies when determining whether a forum selection clause is enforceable.[59] However, the Fifth Circuit has determined that to interpret the meaning and scope of a forum selection clause, a court must use the forum's choice-of-law rules to determine what substantive law governs.[60] The Fifth Circuit has recognized that it has not "hewn closely to this principle [of conducting a choice-of-law analysis] in interpreting [the meaning and scope forum selection clauses]."[61] Instead, the majority of courts, including the Fifth Circuit, have "interpreted [forum selection clauses] according to general common-law contract principles without addressing the precise source of law."[62] The "use of this general-law approach may be because, in this circuit and others, the *enforceability* of [a forum selection clause] is

---

[58] Rec. Doc. 1-2 at 6.

[59] *Barnett*, 831 F.3d at 301 (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997)) (holding that "even in diversity cases, federal law governs the 'enforceability' of forum-selection clauses in this circuit.").

[60] *Weber*, 811 F.3d at 770-71 ("A 'choice-of-law analysis to determine what substantive law should guide this court's interpretation of the [forum selection clause] is proper under ordinary principles governing diversity litigation."); *Barnett*, 831 F.3d at 301 ("When the 'interpretation' of a forum-selection clause is at issue in a diversity case, however, we apply the forum state's choice-of-law rules to determine what substantive law governs.").

[61] *Id*. at 770.

[62] *Id*.

governed by federal law."[63] However, this approach is incorrect because, as the Fifth Circuit has recognized, "there is no federal common law of contracts."[64] Therefore, this Court will honor its "core obligation . . . to ascertain which body of substantive law to apply by implementing the choice-of-law rules of its home jurisdiction."[65]

This being the Eastern District of Louisiana, the Court applies Louisiana's conflict-of-law provisions. Louisiana law "generally gives contracting parties the freedom to choose which state's law will govern disputes arising out of the contract."[66] Pursuant to Article 3540 of the Louisiana Civil Code, contractual choice-of-law provisions are presumed valid unless the "chosen" law contravenes the public policy of the state whose law would apply absent the choice-of-law provision.[67] The Physician's Agreement expressly provides that it should be interpreted using Texas law.[68] In Louisiana, "[i]t is well established that where parties to a contract stipulate the specific state law that will govern the contract, the choice-of-law provision must be given effect unless there is statutory or jurisprudential law to the contrary."[69]

Louisiana Revised Statute § 23:921(A)(2) voids choice of law and forum selection clauses in employment contracts unless the clauses are expressly, knowingly and voluntarily entered into

---

[63] *Id.*

[64] *Barnett*, 831 F.3d at 302 (quoting *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 258 (6th Cir.1994)).

[65] *Weber*, 811 F.3d at 770–71; *Barnett*, 831 F.3d at 301 ("When the 'interpretation' of a forum-selection clause is at issue in a diversity case, however, we apply the forum state's choice-of-law rules to determine what substantive law governs.").

[66] *Cherokee Pump & Equip. Inc. v. Aurora Pump*, 38 F.3d 246, 250 (5th Cir. 1994).

[67] La. Civ. Code art. 3540 ("[A]ll other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537."); *see also Roberts v. Energy Dev. Corp.*, 235 F.3d 935, 938-43 (5th Cir. 2000).

[68] Rec. Doc. 1-2 at 6.

[69] *NorAm Drilling Co. v. E & PCo Intern., LLC*, 131 So.3d 926, 929 (La. App. 2 Cir. 2013).

and ratified after the occurrence of injury.[70] The Louisiana Supreme Court has held that "Louisiana Revised Statute 23:921(A)(2) is a strong expression of Louisiana public policy concerning forum selection clauses wherein the legislature clearly intended to allow Louisiana courts to adjudicate the claims of plaintiffs who have properly invoked their jurisdiction."[71] The Fifth Circuit and other courts have concluded that Louisiana has a strong public policy against choice of law and forum selection clauses in employment contracts because of the text of Section 921(A)(2) and the Louisiana Supreme Court's interpretations of that statutory provision.[72]

Louisiana intermediate appellate courts and federal district courts are split on whether Louisiana Revised Statute § 921(A)(2) applies only to employees or if it also applies to independent contractors.[73] In *O'Hara v. Globus Medical, Inc.*, the Louisiana First Circuit held that Sections 921(A)(1) and A(2) "apply to independent contractors to the same extent as if they

---

[70] La. Rev. Stat. § 23:921(A)(2) provides that: "The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action."

[71] *Sawicki v. K/S Stavanger Prince*, 2001-0528, p. 12 (La. 2001); 802 So. 2d 598, 606. The Louisiana Supreme Court further explained that: "Thus, suits validly filed in this state can remain here, despite forum selection clauses to the contrary unless the clause was expressly, knowingly, and voluntarily entered into and ratified after the occurrence of the incident which gives rise to the litigation. The legislature has expressed Louisiana's strong policy with a legitimate concern for providing justice to those parties who would otherwise be entitled to adjudication in a Louisiana court .... The requirement that forum selection clauses be expressly, knowingly and voluntarily entered into and ratified after the occurrence of injury is a reasonable condition, and is appropriately geared toward Louisiana's public policy decision to allow its state courts to adjudicate claims brought within its jurisdiction." *Id.*

[72] *NCH Corp. v. Broyles*, 749 F.2d 247, 250–51, n.5 (5th Cir. 1985); *Waguespack v. Medtronic, Inc.*, 185 F.Supp.3d 916, 925 (M.D. La. 2016); *Bell v. L.P. Brown Co., Inc.* No. 14-02772, 2015 WL 429973, at * 5–6 (W.D. La. Feb. 2, 2015); *Westbrook v. Pike Elec., L.L.C.*, 799 F.Supp.2d 665, 669–671 (E.D. La. 2011) (Duval, J.).

[73] *O'Hara v. Globus Medical, Inc.*, 2014-1436 (La. App. 1 Cir. 8/12/15), 181 So. 3d 69; *Bowman v. R.L. Young, Inc.*, No. 21-1071, 2022 WL 2967427, at *3 (E.D. La. July 27, 2022) (Vitter, J.); *Stratos Enterprises, Inc. v. Spirit Halloween Superstores LLC*, No. 16-1329, 2016 WL 8188665, at *2 (W.D. La. Dec. 13, 2016) (same).

were employees."[74] In *Bowman v. R.L. Young Inc.*, another section of this Court found that Section 921(A)(2) applied to an independent contractor agreement because "Bowman, though an independent contractor and not an employee, experienced the same disparity of bargaining power as the employee in *O'Hara.*"[75]

Here, the Physician's Agreement between Plaintiff and Defendant stipulates that Plaintiff is an "independent contractor" and that there is "[n]o employment relationship."[76] However, as noted above, Louisiana intermediate appellate courts and federal district courts have found that Section 921(A)(2) applies to independent contractors, in part because of the disparity in bargaining power between the worker and the business entity. Plaintiff is an individual worker who had unequal bargaining power when negotiating the Physician's Agreement, presumably a form contract, with Defendant, a Texas corporation. Therefore, Section 921(A)(2) voids the Texas choice of law provision in the Physician's Agreement and Louisiana substantive law applies to interpret the meaning and scope of the Physician's Agreement and forum selection clause in this case.

### 2.    Whether the Forum Selection Clause is Mandatory or Permissive

Next, the Court must determine whether the forum selection clause is mandatory or permissive. Defendant appears to argue that the forum selection clause is mandatory, as Defendant states that a "valid forum-selection clause … should be 'given controlling weight in all but the most exceptional cases.'"[77] The Fifth Circuit recognizes a distinction between

---

[74] *O'Hara*, 181 So. 3d at 85.

[75] *Bowman*, 2022 WL 2967427, at *3.

[76] Rec. Doc. 1-2 at 1.

[77] Rec. Doc. 7-1 at 1 (citing *Stewart*, 487 U.S. at 31).

mandatory and permissive forum selection clauses.[78] Further a forum selection clause "is mandatory only if it contains clear language specifying that litigation must occur in the specified forum."[79] Here, the forum selection clause is mandatory, as the provision containing this clause states "[g]overning law and venue" and any disputes "shall be brought exclusively" in the stipulated forum.

### 3.    Whether the Forum Selection Clause is Valid and Enforceable

Having determined that the forum selection clause is mandatory rather than permissive, the Court must next determine whether the forum selection clause is valid and enforceable. In diversity cases, federal law applies when determining whether a forum selection clause is valid and enforceable.[80] Under federal law, a "forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable."[81] The Fifth Circuit has held "[t]his rule also applies to form contracts containing a choice of forum provision."[82] The Supreme Court has held that the presumption of the enforceability of a forum selection clause may be overcome by a clear showing that the clause is "'unreasonable' under the circumstances."[83] Four factors may be considered in determining whether a forum selection clause is unreasonable: (1) the incorporation of the forum selection

---

[78] *Weber*, 811 F.3d at 768.

[79] *Id.*

[80] *Haynsworth*, 121 F.3d at 962 (citation omitted).

[81] *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995). The Fifth Circuit has not drawn a "distinction between validity and enforceability." *Barnett*, 831 F.3d at 302. Instead, the Fifth Circuit appears "to treat those words as synonyms in the forum-selection clause context." *Id.*

[82] *Kevlin Srvs., Inc*, 46 F.3d at 15.

[83] *Bremen*, 407 U.S. at 10.

clause into the agreement was the product of fraud and overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) the enforcement of the forum selection clause would contravene a strong public policy of the forum state.[84]

> ### i.      Fraud or Overreaching

For a forum selection clause to be unreasonable because it was the product of fraud or overreaching, the fraud and overreaching must be specific to the forum selection clause.[85] Here, there is no indication that the forum selection clause specifically was the product of fraud or overreaching. The forum selection clause was written in section 23 of the Physician's Agreement and was titled "Governing Law and Venue."[86] The words "Governing Law and Venue" were bolded and this provision was written in the same font size as the rest of the text in the eight page Physician's Agreement.[87]

> ### ii.      Inconvenience or Unfairness of the Selected Forum

Because Plaintiff is proceeding pro se,[88] transferring this case to the Eastern District of Texas, Sherman division, would be gravely inconvenient and unfair for Plaintiff. Plaintiff is a resident of Lacombe, Louisiana and traveling to Collin County, Texas, the selected forum in the Physician's Agreement, would require Plaintiff to incur significant time and costs to litigate this

---

[84] *Haynsworth*, 121 F.3d at 963 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).

[85] *Id.*

[86] Rec. Doc. 1-2 at 6.

[87] *See* Rec. Doc. 1-2.

[88] On October 4, 2023, Charles Stevenson withdrew as Plaintiff's counsel of record because he was undergoing heart surgery. Rec. Doc. 5. Plaintiff has been proceeding pro se since then.

case. The event giving rise to this litigation was Defendant's termination of Plaintiff's work assignments in his role as an emergency room physician at Trinity Memorial Medical Center. Presumably, Plaintiff's income source would have been interrupted and affected his financial ability to retain an attorney for the life of this case, whether here in Louisiana or in Texas. However, the Eastern District of Louisiana has many resources to assist pro se litigants not customarily found in the courts of other states. These pro se resources available to Plaintiff here in the Eastern District of Louisiana include assistance with filing documents into the record, as Plaintiff would encounter grave difficulty navigating the Court's electronic filing system as a pro se litigant in a different state's courts. District courts within the Fifth Circuit have found forum selection clauses to be unreasonable when "'trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court.'"[89]

### iii.    Plaintiff's Deprivation of a Remedy

Third, there is no indication that proceeding in the Eastern District of Texas will deprive Plaintiff of a remedy to his breach of contract claims.

### iv.    Louisiana Public Policy

As discussed earlier above, Louisiana Revised Statute § 23:921(A)(2) voids choice of law and forum selection clauses in employment contracts unless the clauses are expressly, knowingly and voluntarily entered into and ratified after the occurrence of injury. Further, Louisiana intermediate appellate courts and federal district courts have found that Section 921(A)(2) applies to independent contractor agreements. For similar reasons already discussed above, Louisiana public policy disfavors forum selection clauses in employment and independent contractor

---

[89] *MacPhail v. Oceaneering Inter., Inc.*, 170 F.Supp.2d 718, 726–27 (S.D. Tex. 2001) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (5th Cir. 1996)).

agreements. Therefore, the forum selection clause in the Physician's Agreement is contrary to Louisiana public policy.

The Court finds that enforcement of the forum selection clause designating Collin County, Texas as the forum for this litigation would be unreasonable under the circumstances here. Plaintiff is proceeding pro se and the event giving rise to this litigation is the loss of his work assignments, which affects his stream of income and consequently, his ability to afford an attorney. Further, Plaintiff may encounter financial and logistical difficulties in traveling to Collin County, Texas to litigate this case, as he is a resident of Lacombe, Louisiana. Finally, the forum selection clause is void because it is contrary to Louisiana public policy. However, the transfer analysis does not end here because the Supreme Court has instructed that a state's public policy voiding forum selection clauses must be considered alongside other Section 1404(a) public interest factors because focusing on a state's public policy alone "would defeat [Congress's] command" that numerous factors are to be considered.[90]

### 4.    Whether the Forum Selection Clause Applies to Plaintiff's Claims

The Court must now determine whether the forum selection clause applies to Plaintiff's two claims against Defendant. Here, the forum selection clause applies to "[a]ny dispute arising out [of] this Agreement."[91] Plaintiff asserts two claims against Defendant. One is a breach of contract claim where Plaintiff alleges that he was not given a termination notice at least 30 days in advance of the termination as the Physician's Agreement allegedly requires.[92] On this claim, Plaintiff also alleges that he was not terminated for good cause and is therefore owed the wages

---

[90] *Stewart,* 487 U.S. at 30–31.

[91] Rec. Doc. 1-2 at 6.

[92] Rec. Doc. 1 at 1–2.

he would have earned for the time left on the Physician's Agreement until it expired on September 2, 2023.[93] Plaintiff's other claim is not precisely named, but it appears to be a breach of contract or a quasi-contract claim like unjust enrichment.[94] Plaintiff's allegations as to this second claim incorporates all the allegations made in the first breach of contract claim.[95] In addition, Plaintiff alleges that Defendant should not have deducted wages he was owed through April 6, 2023. Therefore, both of these claims arise out of the Physician's Agreement, as the allegations refer to Defendant's violations of the terms of the Physician's Agreement and relate to Plaintiff's employment at the Trinity Medical Memorial Center.[96]

As explained earlier above, the Court finds that the forum selection clause in the Physician's Agreement is unenforceable because it is unreasonable given the circumstances of the case. Therefore, the Court turns to consider whether the public interest factors under Section 1404(a) warrant transfer of venue.

### 5.      Whether to Transfer Venue

The Fifth Circuit has instructed that the public-interest factors to be considered under a *forum non conveniens* analysis include "'administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign

---

[93] *Id.*

[94] *Id.* at 2.

[95] *Id.*

[96] *See In re Lisa Laser USA, Inc.*, 310 S.W.3d at 885–86 (holding that the forum-selection clause's language of "over any dispute arising out of this agreement" applied to the plaintiff's claims against the defendant and that the clause "describes a scope broader than the mere sales transactions between Lisa USA and HealthTronics").

law; and the unfairness of burdening citizens in an unrelated forum with jury duty.'"[97]

First, there is no indication that the Eastern District of Texas is any more congested than the Eastern District of Louisiana. This case involves one Plaintiff, one Defendant, and two state law claims. Accordingly, the administrative difficulties flowing from court congestion factor is neutral.

In analyzing the second factor, the local interest in having localized controversies decided at home, courts often look to the factual connection between the events at issue and the two possible venues.[98] "Sufficient localized interests are more likely to involve issues exceptional, or unique, to the local venue; examples may include specific water and oil rights, or a case involving a company that maintains a significant corporate footprint through high localized employment rates and contributions to the local economy."[99]   Plaintiff alleges that he digitally signed the Physician's Agreement in LaPlace, St. John the Baptist Parish, Louisiana, which is located within this judicial district. Trinity Memorial Medical Center is not located within this judicial district as it is located in Ferriday, Concordia Parish, Louisiana, but it is closer to LaPlace, St. John the Parish and the Eastern District of Louisiana than it is to Collin County, Texas in the Eastern District of Texas. Further, because Trinity Memorial Medical Center is located in Louisiana, it is a business entity that presumably employs many Louisiana citizens and contributes to Louisiana's economy. Therefore, this factor weighs in favor of preserving venue here in the Eastern District of Louisiana.

The third and fourth factors— the interest in having the trial of a diversity case in a forum

---

[97] *Id.* (quoting *Piper Aircraft v. Reyno*, 454 U.S. 235, 260 n.6 (1981)).

[98] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317-18 (5th Cir. 2008).

[99] *Sabal Ltd. LP v. Deutsche Bank AG*, 209 F. Supp. 3d 907, 925 (W.D. Tex. 2016).

that is at home with the law that must govern the action, and the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law—slightly favors transfer to the Eastern District of Texas because the Physician's Agreement contains a choice-of-law provision providing that Texas law governs in any dispute arising out of the contract between the parties. Therefore, these factors slightly favor transfer to the Eastern District of Texas.

The fifth factor, the unfairness of burdening citizens in an unrelated forum with jury duty, disfavors transfer. Plaintiff signed the Physician's Agreement digitally in this judicial district. However, his place of employment, Trinity Memorial Medical Center is in Ferriday, Concordia Parish, Louisiana, which is outside of this judicial district. In addition, a jury in the Eastern District of Texas would not have a geographic connection to either Concordia Parish, Louisiana, which borders Mississippi, or St. John the Baptist Parish, Louisiana, where Plaintiff signed the Physician's Agreement.

On balance, the Court finds that in addition to the unenforceability of the forum selection clause for public policy and inconvenience reasons, the public interest factors weigh against transfer to the Eastern District of Texas.

**B.    *Whether Plaintiff's Claims Should be Dismissed under Inadequate Pleading***

Plaintiff brings two breach of contract claims in the Complaint.[100] In the Rule 12(b)(6) Motion, Defendant contends that Plaintiff's claims against it should be dismissed because the factual allegations in the Complaint are vague as to which provisions of the Physician's Agreement Defendant breached.[101]

Under Louisiana law, a breach of contract has three essential elements: "(1) the obligor's

---

[100] Rec. Doc. 1.

[101] Rec. Doc. 6-1.

undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the oblige."[102] The first two elements of a breach-of-contract claim, obligation and breach, "involve[] issues of both contractual interpretation as a matter of law, as well as questions of fact regarding whether the actions of the parties actually constituted the alleged breach under the applicable contractual terms."[103] The third element, damages, is a question of fact.[104]

In the first cause of action listed in the Complaint, Plaintiff alleges that he worked for Defendant from September 2022 to April 2023, when "[o]n or about April 5, 2023, the defendant, without just cause, ordered the plaintiff not to appear for his April 6, 2023 shift at Trinity Memorial Medical Center."[105] According to Plaintiff, Defendant violated the Physician's Agreement when it did not provide him 30 days written notice prior to informing him not to return for his April 6, 2023 shift.[106] Plaintiff seeks lost income in the amount of $42,000 to $43,000 per month for and through August 2023, for a total amount of $215,000.[107] Plaintiff does not point to any provision of the Physician's Agreement requiring Defendant to assign him a certain number of shifts or hours of work. Therefore, Plaintiff has failed to allege Defendant's breach of that alleged duty to assign him work shifts that would allow him to recover the damages he has

---

[102] *Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2/9/11), 68 So. 3d 1099, 1108–09.

[103] *Mobil Expl. & Producing U.S. Inc. v. Certain Underwriters Subscribing to Cover Note 95-3317(A)*, 2001-2219 (La. App. 1 Cir. 11/20/02), 837 So. 3d 11, 26.

[104] *LAD Servs. of La., L.L.C. v. Superior Derrick Servs., L.L.C.*, 2013-0163 (La. App. 1 Cir. 11/7/14), 167 So. 3d 746, 762.

[105] Rec. Doc. 1 at 2.

[106] *Id.*

[107] *Id.*

alleged.

Similarly, in the second cause of action listed in the Complaint, Plaintiff appears to allege another breach of contract claim, as he "repeats and realleges this second cause of action each and every cause of action contained in paragraphs 2. through 8. of the complaint …"[108] Plaintiff alleges that Defendant deducted $14,216.85 from his March 2023 pay to "pay a replacement physician to man plaintiff's shift."[109] Paragraph 9 of the Physician's Agreement provides that:

> If Provider at any time and for any reason fails to work a shift for which he is scheduled and Group is required to incur costs and expenses to ensure coverage of such shift by a qualified replacement physician, Group shall have the right to offset and deduct such excess costs from Provider's compensation, whether already owed by Group for Services already performed or for Services provided in the future.[110]

Because Plaintiff seeks $14,216.85 that he alleges Defendant deducted from his March 2023 pay to "pay a replacement physician to man plaintiff's shift," but the Physician's Agreement allows Defendant to deduct costs and expenses related to covering a shift, Plaintiff's allegations here in the second cause of action are vague as to Defendant's breach of the Physician's Agreement and the damages he seeks.

Plaintiff's factual allegations are vague as to the two breach of contract claims he has asserted. Plaintiff is granted leave to amend the Complaint to clarify the factual allegations in the two breach of contract causes of action.

## V. Conclusion

For the reasons explained above, the Court finds that the forum selection clause is

---

[108] Rec. Doc. 1 at 2.

[109] *Id.*

[110] Rec. Doc. 1-2 at 3–4.

unenforceable under federal law and the public interest factors weigh against transferring the case to the Eastern District of Texas. The Court also finds that Plaintiff's allegations are vague as to the two causes of action in the Complaint. Plaintiff is granted leave to amend the Complaint to cure those pleading deficiencies, if possible.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Emergency Staffing Services, Inc's Motion to Transfer Venue[111] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Emergency Staffing Services, Inc's Rule 12(b)(6) Motion[112] is **DENIED WITHOUT PREJUDICE**. Plaintiff is granted leave to amend the Complaint within 30 days of this Order to cure the deficiencies noted, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order and Reasons to Plaintiff.

**NEW ORLEANS, LOUISIANA,** this  21st  day of May, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[111] Rec. Doc. 7.

[112] Rec. Doc. 6.